UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

LESLIE PARDUE

    Plaintiff,

-v-

WAL-MART STORES, INC., et al.,

    Defendants.

Case No. C-3-06-081

Judge Thomas M. Rose

**ENTRY AND ORDER OVERRULING PARDUE'S MOTION TO DISMISS AND GIVING PARDUE OR HIS CHOSEN COUNSEL UNTIL NOT LATER THAN OCTOBER 25, 2007, TO RESPOND TO WAL-MART'S PENDING MOTION FOR SUMMARY JUDGMENT**

  Now before the Court is a Motion To Dismiss without prejudice pursuant to Fed. R. Civ. P. 41(a)(1) filed *pro se* by Plaintiff Leslie Pardue ("Pardue"). (Doc. #17.) Defendant Wal-Mart opposes this Motion. The time has run and Pardue has not replied. Pardue's Motion is, therefore, ripe for decision.

  On June 1, 2007, the deadline for filing motions not directed to the pleadings, Wal-Mart filed a Motion for Summary Judgment. (Doc. # 13.) Rather than responding, on July 6, 2007, Pardue filed a *pro se* motion to dismiss his legal counsel. (Doc. #14.)

  Pardue's motion to dismiss his legal counsel was filed eleven days after the deadline for responding to Wal-Mart's Motion for summary judgment. However, Wal-Mart did not object to Pardue's motion but requested that Pardue be given thirty days to obtain new legal counsel or inform the Court of his intention to proceed *pro se*. (Doc. #15.)

  The Court subsequently granted Pardue's motion to dismiss his legal counsel. (Doc. #16.) Pardue was given until not later than forty-five days after entry of the Court's order on July 9,

2007, to obtain legal counsel and file a response to Wal-Mart's pending Motion for Summary Judgment. (Id.) Pardue was further informed that failure to do so may result in sanctions up to and including dismissal of his lawsuit. (Id.) On August 24, 2007, the forty-sixth day after entry of the Order granting his motion to dismiss his legal counsel, Pardue filed the *pro se* motion to dismiss without prejudice pursuant to Fed. R. Civ. P. 41(a)(1) that is now before the Court.

Rule 41(a)(1) provides that an action may be dismissed by the plaintiff without order of the Court (i) by filing a notice of dismissal before service by the adverse party of an answer or of a motion for summary judgment, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Fed. R. Civ. P. 41(a)(1). In this case, Pardue's motion to dismiss was filed after Wal-Mart's Motion for Summary Judgment and Pardue's motion to dismiss was not signed by Wal-Mart. Therefore, Pardue is not entitled to dismissal pursuant to Fed. R. Civ. P. 41(a)(1).

However, in the interest of justice, dismissal pursuant to Fed. R. Civ. P. 41(a)(2) will be considered. Rule 41(a)(2) provides that, except as provided in Rule 41(a)(1), an action is not to be dismissed at the plaintiff's request except upon order of the court and upon such terms and conditions as the court deems proper.

"Whether dismissal should be granted under the authority of Rule 41(a)(2) is within the sound discretion of the district court." *Rosenthal v. Bridgestone/Firestone*, 217 F. App'x 498, 500 (6th Cir. 2007). An abuse of discretion is generally found only where the defendant would suffer "plain legal prejudice" as a result of a dismissal without prejudice. *Id.* (citing *Grover by Grover v. Eli Lilly and Co.*, 33 F.3d 716, 718 (6th Cir. 1994)). In determining whether a defendant would suffer "plain legal prejudice," courts should consider such factors as the

-2-

defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff, insufficient explanation for the need to take a dismissal and whether a motion for summary judgment has been filed by the defendant. *Id.* (citing *Grover*, 33 F.3d at 718).

In this case, Wal-Mart's effort and expense in preparing for trial is not currently an issue. Wal-Mart his filed its Motion for Summary Judgment and the trial is not set until January 14, 2008. However, the remaining issues weigh in favor of denying Pardue's motion to dismiss.

Pardue has failed to comply with this Court's July 9 Order and has not been diligent in prosecuting his action. Further, Pardue has offered no explanation for the need to take a dismissal. Finally, as indicated above, Wal-Mart filed its Motion for Summary Judgment more than four months ago.

Based upon an evaluation of the appropriate factors, Wal-Mart would suffer "plain legal prejudice" if Pardue was permitted to dismiss his complaint without prejudice at this time pursuant to Fed. R. Civ. P. 41(a)(2). Further, as determined above, Pardue is not entitled to dismissal pursuant to Fed. R. Civ. P. 41(a)(1). Therefore, Pardue's Motion To Dismiss without prejudice (doc. #17) is OVERRULED.

In the interest of justice and in an attempt to adjudicate Pardue's claim on the merits, Pardue, or his chosen counsel, is given until not later than October 25, 2007, to respond to Wal-Mart's Motion for Summary Judgment. No further extensions will be granted and a response that is not timely filed will not be considered.

The Clerk is hereby ordered to provide Pardue with a copy of this Entry and Order at P.O. Box 3903, Dayton, OH 45401-3903.

**DONE** and **ORDERED** in Dayton, Ohio, this First day of October, 2007.

                    **s/Thomas M. Rose**

                _____
                   THOMAS M. ROSE
               UNITED STATED DISTRICT JUDGE

Copies furnished to:

Counsel of Record

Leslie Pardue